1  Patrick X. Fowler (ASB #012144)
   Todd E. Rinner (ASB #034567)
2  Alexix G. Terríquez (ASB #032165)
   SNELL & WILMER L.L.P.
3  One Arizona Center
   400 E. Van Buren, Suite 1900
4  Phoenix, Arizona  85004-2202
   Telephone:  602.382.6000
5  E-Mail: pfowler@swlaw.com
          trinner@swlaw.com
6          aterriquez@swlaw.com

7  *Attorneys for Defendant Ford Motor Company*

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF ARIZONA

10

11 Nicholas Edward Abrams, a single man,          No.

12              Plaintiff,                        **DEFENDANT FORD MOTOR**
                                                  **COMPANY'S NOTICE OF**
13      v.                                        **REMOVAL OF ACTION**

14 Ford Motor Company, a foreign
   corporation; TK Holdings, Inc., a foreign
15 corporation; Takata Corporation, a foreign
   corporation,
16
                Defendants.
17

18      Without waiving any defenses, and pursuant to 28 U.S.C. §§ 1332 and 1446,

19 Defendant Ford Motor Company ("Ford"), through undersigned counsel, hereby removes

20 this civil action, entitled *Nicholas Edward Abrams v. Ford Motor Company et al.*, Case

21 No. C20201869, from the Superior Court of the State of Arizona, Pima County

22 (hereinafter, the "State Court Action") to the United States District Court for the District

23 of Arizona. This case is removable because the matter in controversy exceeds the sum or

24 value of $75,000, exclusive of interest and costs, and is between citizens of different

25 states, thus this Court has original jurisdiction under 28 U.S.C. § 1332, and this removal is

26 timely under 28 U.S.C. § 1446(b).

27      Pursuant to  28 U.S.C. § 1446(a) and LRCiv 3.6(a), a copy of the most recent

28 version of the docket and relevant filings in the State Court Action are attached as

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

**Exhibits A-E**. Ford will also provide written notice of the filing of this Notice of Removal to all counsel of record and file a copy of this Notice of Removal with the Clerk of the Pima County Superior Court of the State of Arizona.

In support of removal, Ford states as follows:

### **Grounds for Removal**

1.      On March 28, 2020, Plaintiff initiated the State Court Action by filing a complaint against Ford, TK Holdings, Inc. and Takata Corporation ("Complaint").

2.      On July 3, 2020, the Superior Court of the State of Arizona, Pima County, issued a Notice of Impending Dismissal scheduling dismissal of the matter on August 3, 2020 due to lack of service. **Exhibit A.**

3.      On July 16, 2020, Plaintiff filed a Motion for Extension of Time to Serve, indicating that Defendant TK Holdings and Defendant Takata Corporation were presently in bankruptcy and alleging difficulty in determining the relationship between Ford and the other named defendants. **Exhibit B.**

4.      The Superior Court of the State of Arizona, Pima County, granted Plaintiff's Motion for Extension of Time to Serve on the same day, July 16, 2020, ordering Plaintiff to effectuate service of the Summons and Complaint by October 1, 2020. **Exhibit C.**

5.      The first date Ford received a copy of the Complaint was on September 29, 2020, when Ford's agent for service of process was served with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint served on Ford are attached as **Exhibit D**.

6.      To Ford's knowledge, Defendant TK Holdings and Defendant Takata Corporation, both foreign corporations domiciled outside of Arizona and having principal places of business outside of Arizona[1], *see* **Exhibit D**, Compl. ¶¶ 4 and 6, have not been served by October 1, 2020 as ordered by the Superior Court of the State of Arizona, Pima County. **Exhibit C.** Those named as defendants, but not yet served in the state court action,

---

[1] TK Holdings' principal place of business is Michigan, and Takata Corporation's is Japan.

need not join the notice of removal. *See Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).  Additionally, Defendant TK Holdings is not properly joined because it filed for bankruptcy on June 25, 2017 – *In re TK Holdings Inc. et al.*, No. 17-11375 (BLS), in the United States Bankruptcy Court, District of Delaware.  That proceeding is ongoing, and the bankruptcy stay prohibits Plaintiff from suing TK Holdings in state court.  11 U.S.C. § 362(a).  Defendant Takata Corporation separately filed a bankruptcy proceeding under Japanese law on June 25, 2017, and is likewise an improperly joined defendant.

7.      Plaintiff alleges that he was a restrained driver of a 2013 Ford Mustang when he was involved in a collision. *See* **Exhibit D**, Compl. ¶ 1. Plaintiff alleges that the collision caused the Ford Mustang's driver-seat Takata airbag to deploy. *See* **Exhibit D**, Compl. ¶¶ 10-11. Plaintiff further alleges that the Takata airbag was defective and unreasonably dangerous as designed and manufactured. *See* **Exhibit D**, Compl. ¶ 13. Plaintiff states that he suffered injuries from the deployment of the allegedly defective Takata airbag. *See* **Exhibit D**, Compl. ¶ 13. Plaintiff was allegedly diagnosed with a head injury on April 30, 2018, which he alleges was sustained as a result of the allegedly defective Takata airbag deployed during the subject collision. *See* **Exhibit D**, Compl. ¶ 14. Plaintiff alleges Strict Liability and Negligence Product Liability against Ford, Defendant TK Holdings, and Defendant Takata Corporation. *See* **Exhibit D**, Compl. ¶¶ 18-30. As a result of the subject collision, Plaintiff alleges that he sustained severe, debilitating, and permanent injuries and seeks damages. **Exhibit D**, Compl. ¶ 31.

8.      Plaintiff has certified that the State Court Action qualifies for Tier 3 status under Ariz. R. Civ. P. 26.2(c)(3)(C), which is designated for actions claiming $300,000 or more in damages. **Exhibit D**, Compl. ¶ 8. Thus, by this certification, Plaintiff is claiming $300,000 or more in damages.

9.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one that may be removed to this Court by Ford pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. At the time of the filing of this action, Ford was, and still is, incorporated under the laws of the State of Delaware and has its principal place of business in the State of Michigan.

11. Plaintiff lives in and is a citizen of the State of Arizona. *See* **Exhibit D**, Compl. ¶ 1. The place where a person lives is "taken to be his domicile until facts adduced establish the contrary." *Anderson v. Watt*, 138 U.S. 694, 706 (1891); *see also District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.").

12. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of Ford's receipt of information from which it first ascertained that the case was removable. Further, this Notice of Removal is being filed within one year of the commencement of this action.

13. Because there is diversity of citizenship between the parties, no defendant is a citizen of Arizona, and the amount in controversy is over $75,000, this action is removable under 28 U.S.C. §§ 1332(a) and § 1441(b).

14. Pursuant to 28 U.S.C. 1441(a), this Court is the District Court embracing the place where the State Court Action is currently pending. Ford reserves the right to challenge personal jurisdiction and venue and the timeliness of service of process, however, and does not waive any other affirmative defenses it would or could have asserted or will be asserted in a responsive pleading.

WHEREFORE, Ford prays for removal of this case from the Superior Court of the State of Arizona, Pima County to this Honorable United States District Court for the District of Arizona and hereby demands a trial by jury in this Court.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1   DATED this 19th day of October, 2020.

2                                              SNELL & WILMER L.L.P.

3

4                                    By: *s/Alexix G. Terríquez*
                                          Patrick X. Fowler
5                                         Todd E. Rinner
                                          Alexix G. Terríquez
6                                         One Arizona Center
                                          400 E. Van Buren, Suite 1900
7                                         Phoenix, Arizona 85004-2202

8                                         *Attorneys for Defendant Ford Motor*
                                          *Company*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**CERTIFICATE OF SERVICE CERTIFICATE OF SERVICE**

2

        I hereby certify that on October 19, 2020, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

5

6

*s/Kathy Sprinkle*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28