# EXHIBIT D



# Service of Process Transmittal

09/29/2020
CT Log Number 538322450

| | |
|---|---|
| **TO:** | Chris Dzbanski<br>Ford Motor Company<br>1 American Rd Whq 421-E6<br>Dearborn, MI 48126-2701 |
| **RE:** | **Process Served in Arizona** |
| **FOR:** | Ford Motor Company  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nicholas Edward Abrams, etc., Pltf. vs. Ford Motor Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Pima County - Superior Court, AZ<br>Case # C20201869 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2013 Ford Mustang |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/29/2020 at 14:53 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from the date of service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | John P Leader<br>Leader Law Firm<br>405 W. Cool Drive<br>Suite 107<br>Tucson, AZ 85704<br>520-575-9040 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. // Please Note: VIN # is not give in the document |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/30/2020, Expected Purge Date: 10/05/2020<br><br>Image SOP<br><br>Email Notification,  Chris Dzbanski  cdzbansk@ford.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

9-29-20
EH
2:40

Person/Attorney Filing: John P Leader
Mailing Address: 405 W. Cool Drive, Suite 107
City, State, Zip Code: Tucson, AZ 85704
Phone Number: (520) 575-9040
E-Mail Address: mbarr@leaderlawaz.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 012511, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

Nicholas Edward Abrams
Plaintiff(s),
v.
Ford Motor Company, et al.
Defendant(s).

Case No. C20201869

**SUMMONS**

HON. D. DOUGLAS METCALF

To: Ford Motor Company

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 4/28/2020

Gary Harrison
Clerk of the Superior Court

By:  Stephanie May /s/
            Deputy Clerk

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/28/2020 2:45:01 PM
BY: STEPHANIE MAY /S/
DEPUTY

**LEADER LAW FIRM**
405 W. Cool Drive, Suite 107
Tucson, AZ 85704
Phone (520) 575-9040
Fax (520) 575-9340
**John P. Leader, Esq.**
SBN 012511

**STANLEY G. FELDMAN, PLC**
One South Church Avenue, Suite 900
Tucson, Arizona 85701
(520) 792-3836
**Stanley G Feldman, Esq.**
State Bar No. 000838

*Attorneys for the Plaintiff*

Case No. C20201869
HON. D. DOUGLAS METCALF

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| NICHOLAS EDWARD ABRAMS, a single man,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a foreign corporation; TK HOLDINGS, Inc., a foreign corporation; TAKATA CORPORATION, a foreign corporation;<br><br>Defendants. | No.<br><br>COMPLAINT<br>(Product Liability) |

COMES NOW the Plaintiff, by and through counsel undersigned, and for his Complaint against the Defendants, states, alleges and complains as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. NICHOLAS EDWARD ABRAMS is and at all relevant times was a resident of Pima County, Arizona.

2. Defendant FORD MOTOR COMPANY is and at all relevant times was, a Delaware corporation authorized and conducting business in the state of Arizona for which it receives substantial revenue. FORD MOTOR COMPANY is engaged in the business of designing, manufacturing, marketing, promoting, advertising, and selling motor vehicles in the state of Arizona and throughout the United States and elsewhere. FORD MOTOR COMPANY has designated CT Corporation System located at 3800 N. Central Ave., Suite 460, Phoenix, Arizona, 85012, as its registered agent for the purpose of accepting service of process on its behalf in Arizona.

3. Defendant FORD MOTOR COMPANY submitted itself to the jurisdiction of this Court by, personally or through its agents, at all times material to this cause of action, conducting business in Pima County, State of Arizona.

4. Defendant TK HOLDINGS INC. ("TK HOLDINGS") is, and at all relevant times was, a Delaware corporation authorized and conducting business in the state of Arizona for which it receives substantial revenue. TK HOLDINGS. is engaged in the business of designing, manufacturing, marketing, promoting, advertising, and selling airbag components in the state of Arizona and throughout the United States and elsewhere. TK HOLDINGS has designated the Corporation Service Company located at 8825 N 23rd Avenue, Suite 100, Phoenix, Arizona, 85021, as its registered agent for the purpose of accepting service of process on its behalf in Arizona.

5. Defendant TK HOLDINGS submitted itself to the jurisdiction of this Court by

2

doing, personally or through its agents, at all times material to this cause of action, the following acts:

a. Conducting and engaging in substantial business and other activities in Arizona by selling and delivering defective products, including the Subject Airbag System, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such products were used by consumers in Arizona in the ordinary course of commerce and trade;

b. Committing a tortious act within this state by selling and delivering defective products, including the Subject Airbag System, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such products were used by consumers in Arizona in the ordinary course of commerce and trade;

c. Causing injury to persons in Arizona, including Plaintiff. At or about the time said injuries occurred, Defendant engaged in solicitation activities in Arizona to promote the sale, consumption, and use of its products and such products were consumed within Arizona in the ordinary course of commerce, and Defendant was engaged in substantial and not isolated activity within this state; and

d. Selling and delivering defective products to persons, firms, and corporations via its distributors, dealers, wholesalers, and brokers, with knowledge or reason to foresee that they would be shipped in interstate

commerce and would reach the market of Arizona users and consumers.

6. Defendant TAKATA CORPORATION ("TAKATA CORP.") is, and at all relevant times was, a Japanese corporation engaged in the business of designing, manufacturing, marketing, promoting, advertising, and selling airbag components in the state of Arizona and throughout the United States and elsewhere.

7. Defendant TAKATA CORP. submitted itself to the jurisdiction of this Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

   a. Conducting and engaging in substantial business and other activities in Arizona by selling and delivering defective products, including the Subject Airbag System, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such products were used by consumers in Arizona in the ordinary course of commerce and trade;

   b. Committing a tortious act within this state by selling and delivering defective products, including the Subject Airbag System, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such products were used by consumers in Arizona in the ordinary course of commerce and trade;

   c. Causing injury to persons in Arizona, including Plaintiff. At or about the time said injuries occurred, Defendant engaged in solicitation activities

in Arizona to promote the sale, consumption, and use of its products and such products were consumed within Arizona in the ordinary course of commerce, and Defendant was engaged in substantial and not isolated activity within this state; and

d. Selling and delivering defective products to persons, firms, and corporations via its distributors, dealers, wholesalers, and brokers, with knowledge or reason to foresee that they would be shipped in interstate commerce and would reach the market of Arizona users and consumers

8. This case qualifies for Tier 3, as defined in ARCP Rule 26.2(c)(3)(C).

## THE COLLISION

9. Plaintiff NICHOLAS EDWARD ABRAMS was the restrained driver of a 2013 Ford Mustang ("the Mustang") when he was involved in a collision.

10. The Mustang was equipped with a Takata airbag (the "Subject Airbag".)

11. The collision caused the Mustang's driver-seat Subject Airbag to deploy.

12. The Subject Airbag was defective and unreasonably dangerous as designed and manufactured.

13. Plaintiff NICHOLAS EDWARD ABRAMS suffered injuries from the deployment of the Subject Airbag as a result of the defective and unreasonably dangerous design and manufacture of the Subject Airbag.

14. Plaintiff NICHOLAS EDWARD ABRAMS was diagnosed with a head injury on April 30, 2018, sustained as a result of the defective and unreasonably dangerous design and manufacture of the Subject Airbag.

15. Prior to the collision, Plaintiff NICHOLAS EDWARD ABRAMS was aware of no potential defect or problem with the Subject Airbag or the Subject Airbag System and there were no active warning lights in the Mustang prior to the collision.

16. The Mustang was designed, manufactured, and sold by FORD MOTOR COMPANY. As part of this process, FORD MOTOR COMPANY elected to install the Subject Airbag System, which was a Takata brand airbag system, in the Mustang.

17. The Subject Airbag System was designed, manufactured, and sold to FORD MOTOR COMPANY by TK HOLDINGS and TAKATA CORP. for use in the Mustang.

**COUNT ONE**
**STRICT LIABILITY, NEGLIGENCE AGAINST TK HOLDINGS**

18. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

19. TK HOLDINGS and TAKATA CORP. have known since 2004 about the defect that caused NICHOLAS EDWARD ABRAMS'S injuries.

20. TK HOLDINGS placed the Subject Airbag System on the market with knowledge that it would be used without inspection for defects and dangers. TK HOLDINGS knew or should have known that ultimate users, operators, and consumers would not and could not properly inspect the Subject Airbag System for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons

21. The Subject Airbag System was defective and unreasonably dangerous to

ultimate users, operators, and consumers, including NICHOLAS EDWARD ABRAMS, when sold and distributed by TK HOLDINGS.

22. The defects in the Subject Airbag directly and proximately caused the incident and injuries sustained by Plaintiff NICHOLAS EDWARD ABRAMS in that they directly and in natural and continuous sequence produced or contributed substantially to NICHOLAS EDWARD ABRAMS's severe and permanent injuries.

## COUNT TWO
## STRICT LIABILITY, NEGLIGENCE AGAINST TAKATA CORP.

23. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

24. TAKATA CORP. placed the Subject Airbag System on the market with knowledge that it would be used without inspection for defects and dangers. TAKATA CORP. knew or should have known that ultimate users, operators, and consumers would not and could not properly inspect the Subject Airbag System for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons

25. The Subject Airbag System was defective and unreasonably dangerous to ultimate users, operators, and consumers, including NICHOLAS EDWARD ABRAMS, when sold and distributed by TAKATA CORP.

26. The defects in the Subject Airbag directly and proximately caused the incident and injuries sustained by Plaintiff NICHOLAS EDWARD ABRAMS in that they directly and in natural and continuous sequence produced or contributed

substantially to NICHOLAS EDWARD ABRAMS's severe and permanent injuries.

## COUNT THREE
## STRICT LIABILITY, NEGLIGENCE AGAINST FORD MOTOR COMPANY

27. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

28. FORD MOTOR COMPANY installed the Subject Airbag System in its motor vehicles and made those vehicles available for sale in Arizona, without inspecting the Subject Airbag System for defects. FORD MOTOR COMPANY knew or should have known that ultimate users, operators, and consumers would not and could not properly inspect the Subject Airbag System for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons

29. FORD MOTOR COMPANY knew at all relevant times that the Subject Airbag System was defective and unreasonably dangerous to ultimate users, operators, and consumers, including NICHOLAS EDWARD ABRAMS, when installed in vehicles sold, including the Mustang driven by NICHOLAS EDWARD ABRAMS.

30. The defects in the Subject Airbag installed by FORD MOTOR COMPANY into the Mustang driven by NICOLAS EDWARD ABRAMS directly and proximately caused the incident and injuries sustained by Plaintiff NICHOLAS EDWARD ABRAMS in that they directly and in natural and continuous sequence produced or contributed substantially to NICHOLAS EDWARD

ABRAMS's severe and permanent injuries.

## DAMAGES COMMON TO ALL COUNTS

31. As a direct and proximate result of the foregoing, Plaintiff NICHOLAS EDWARD ABRAMS has sustained severe, debilitating, and permanent injuries; has experienced and continues to experience pain and suffering, emotional distress, impairment, medical expenses, loss of income, loss of earnings capacity, and loss of the enjoyment of life.

32. Some or all of the losses and damages sustained by Plaintiff NICHOLAS EDWARD ABRAMS are or may be permanent.

**WHEREFORE**, Plaintiff NICHOLAS EDWARD ABRAMS prays that the Court grant judgment in his favor and against Defendants, as follows:

    a. For compensatory damages in an amount to be determined by a jury, to compensate him for his injuries and damages;

    b. For compensatory damages in an amount to be determined by a jury, to compensate him for his future damages;

    c. For taxable costs incurred herein; and

    d. For such other relief as the Court may deem appropriate.

DATED this 28th day of April, 2020.

          **LEADER LAW FIRM**
          **STANLEY G. FELDMAN, PLC**

          /s/ John P. Leader
          John P. Leader
          Stanley G. Feldman
          Attorneys for Plaintiff

PERSON/ATTORNEY FILING: John P Leader
MAILING ADDRESS: 405 W. Cool Drive, Suite 107
CITY, STATE, ZIP CODE: Tucson, AZ 85704
PHONE NUMBER: (520) 575-9040
E-MAIL ADDRESS: mbarr@leaderlawaz.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 012511, Issuing State: AZ

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/28/2020 2:45:01 PM
BY: STEPHANIE MAY /S/
DEPUTY

Case No. C20201869
HON. D. DOUGLAS METCALF

ARIZONA SUPERIOR COURT, PIMA COUNTY

Nicholas Edward Abrams
Plaintiff(s),

V.

Ford Motor Company, et al.
Defendant(s).

CASE NO: _____

RULE 102(a) FASTAR CERTIFICATE

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101(b) and certifies that this case:

# (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101(b); or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: _____

John P Leader /s/
SIGNATURE